UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

PENINSULA HOSPITAL CENTER, et al.,                Chapter 11

        Debtors.                Case No.: 11-47056 (ESS)
(Jointly Administered)
---------------------------------------------------------------x
LORI LAPIN JONES, AS CHAPTER 11 TRUSTEE
OF PENINSULA HOSPITAL CENTER,

        Plaintiff,                Adv. Pro. No.: 13-1417 (ESS)
-against-

OCEANSIDE INSTITUTIONAL INDUSTRIES, INC.
a/k/a OCEANSIDE INSTITUTION INDUST,

        Defendant.
---------------------------------------------------------------x

## STIPULATION AND MEDIATION ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1.    The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation") in adversary proceeding nos. 13-1417-ESS and 13-1433-ESS.

2.    The parties jointly accept Mickee M. Hennessy, Esq., of Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, to provide mediation services to them (the "Mediator").

3.    The Mediation shall be non-binding.

4.    The Mediator shall not have authority to render a decision that shall bind the parties.

5.    The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or

omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator has agreed to fix her hourly rate at $500.00 per hour, to limit her fees to $7,500.00 in connection with her preparation for mediation and one full day of mediation, and that any further fees shall be on such terms as are agreed to by the Mediator and the parties. The parties agree to pay equal shares of the Mediator's compensation and the Trustee shall be authorized to pay the estate's share of the Mediator's compensation up to $3,750.00 without further order of the Court. Court approval shall be required if the estate is to be charged Mediation compensation exceeding $3,750.00.

14. An individual with final authority to settle the matter and to bind the party shall

attend the Mediation on behalf of each party.

Dated: September 22, 2015
       Wantagh, New York

    **LAMONICA HERBST & MANISCALCO, LLP**
    Counsel for Lori Lapin Jones, as Chapter 11 Trustee
    of Peninsula Hospital Center and Peninsula General
    Nursing Home Corp.

By:   *s/David A. Blansky*
    David A. Blansky, Esq.
    Gary F. Herbst, Esq.
    Partners of the Firm
    3305 Jerusalem Avenue, Suite 201
    Wantagh, New York 11793
    (516) 826-6500

Dated: September 22, 2015
       East Meadow, New York

    **GERTLER LAW GROUP, LLC**
    Attorneys for Oceanside Institutional Industries,
    Inc.

By:   *s/Kevin R. Toole*
    Kevin R. Toole, Esq.
    Of Counsel
    90 Merrick Avenue, Suite 400
    East Meadow, New York 11554
    (516) 732-0289

Dated: September 22, 2015
       Uniondale, New York

    **WESTERMAN BALL EDERER MILLER**
    **ZUCKER & SHARFSTEIN, LLP**
    Attorneys for Mediator

By:   *s/Mickee M. Hennessy*
    Mickee M. Hennessy, Esq.
    1201 RXR Plaza
    Uniondale, New York 11556
    (516) 622-9200, ext. 404

**SO ORDERED.**

                                        /s/ Elizabeth S. Stong

**Dated: Brooklyn, New York**                     **Elizabeth S. Stong**
     **September 24, 2015**                        **United States Bankruptcy Judge**